NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2010
Decided March 18, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3130

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 09 CR 10041 |
| DAVID L. CAREY, <br> *Defendant-Appellant.* | Joe Billy McDade, *Judge*. |

**O R D E R**

David Carey pleaded guilty to receiving child pornography, 18 U.S.C.
§ 2252A(a)(2)(A), and the district court sentenced him to 151 months' imprisonment, the
low end of the guidelines range. Carey appeals, but his appointed lawyer moves to
withdraw, *see Anders v. California*, 386 U.S. 738 (1967), because he concludes that there are
not any meritorious issues to pursue. Carey did not respond to our invitation to comment
on counsel's motion. *See* CIR. R. 51(b). We review only the potential issue counsel has
identified in his facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th
Cir. 2002).

Carey told counsel that he does not want his guilty plea vacated, so counsel properly
avoids any discussion of the adequacy of the plea colloquy or the voluntariness of the plea.
*See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel considers only one potential issue for appeal: whether Carey could challenge the reasonableness of his prison sentence. At sentencing Carey did not object to the probation officer's calculation of a guidelines range of 151 to 188 months' imprisonment. (This included a base offense level of 22, *see* U.S.S.G. § 2G2.2(a)(2), a 3-level reduction for acceptance of responsibility, *id.* § 3E1.1, and 14 additional levels because Carey received material involving a prepubescent minor and sadistic or masochistic conduct or other depictions of violence, he used a computer to receive the images and distributed them to others, and the offense involved at least 300, but less than 600, images. *See id.* § 2G2.2(b)(2), (b)(3)(F), (b)(4), (b)(6), (b)(7)(C).) Instead of challenging the calculation, Carey asserted that the range was entitled to little deference because the guideline that produced it, § 2G2.2, lacks empirical support and produces unjustly harsh sentences in child-pornography cases by piling on offense-level increases for characteristics that are present in almost every case. These arguments recently have gained momentum and have been cited by district courts imposing below-guidelines sentences in child-pornography cases. *See United States v. Huffstatler*, 571 F.3d 620, 622-23 (7th Cir. 2009) (collecting cases).

The district judge evaluated Carey's argument and even agreed that § 2G2.2 "is not the product of the customary research and recommendation by the Sentencing Commission." That fact, the court explained, would be considered in fashioning a sentence. And Carey had been, the court observed, "a hard-working man" without a continuous history of criminal conduct who might be deterred from future crimes by a lifetime term of supervised release. On the other hand, the court was not satisfied with Carey's explanation that child pornography is "not sexual" to him and that he views it, along with adult pornography, only because looking at the human body is "like looking at a beautiful picture or like looking at the sunset." Ultimately, after weighing the factors in 18 U.S.C. § 3553(a), the court concluded that a sentence at the low end of the guidelines range was necessary to achieve the goals of sentencing. We would presume this within-guidelines sentence to be reasonable. *See United States v. Mendoza*, 576 F.3d 711, 723 (7th Cir. 2009). Counsel has not identified any reason to disturb this presumption, and we therefore agree that any challenge to the reasonableness of Carey's sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.