In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-1539

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN KARL DEAN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10-cr-00787—**Matthew F. Kennelly**, *Judge.*

ARGUED JANUARY 9, 2013—DECIDED JANUARY 31, 2013

Before POSNER, FLAUM, and WILLIAMS, *Circuit Judges*.

FLAUM, *Circuit Judge*. Defendant John Dean transported thousands of files of child pornography across the U.S.-Canada border. He pled guilty to one count of transporting child pornography, *see* 18 U.S.C. § 2252A(a)(1), and received an 87-month prison term and lifetime supervised release. After admitting to knowing possession and transport of the files during his guilty plea, Dean now challenges the district court's interpretation of § 2252A(a)(1) and his sentence. We affirm.

### I. Background

#### A. Factual Background

On August 20, 2009, Dean boarded an airplane in Chicago bound for Ottawa, Canada. With him, he carried a laptop computer housing over 14,000 still images and over 700 videos of child pornography. When Dean's flight landed in Ottawa, Canadian police arrested him and charged him with possession of child pornography. He was convicted and served 21 months in a Canadian prison. After completion of his Canadian sentence, U.S. law enforcement took custody of Dean and indicted him with transportation of child pornography across the U.S.-Canada border.

#### B. Procedural Background

Dean pled guilty to transportation of child pornography in foreign commerce. At the plea hearing, the district court found Dean competent, an assessment shared by his defense attorney and the prosecution. During the hearing, Dean acknowledged that he downloaded files of child pornography onto the laptop and knew that the laptop contained child pornography. He also admitted that, when he crossed the Canadian border, he knew the laptop was with him and that it held child pornography.[1]

---

[1] The relevant portions of the plea hearing transcript read:

> THE COURT: . . . The government would have to prove that you knew that when you were crossing the border, what-
>
> (continued...)

---

[1] (...continued)

ever border it was, that you had child pornography with you and that you knew that you were carrying it across the border.

THE DEFENDANT: Yes. And that is why I plead to that. . . .

* * *

THE COURT: Okay. In other words, you have to have known that you were transporting child pornography across a state line or across an international border. You didn't have to know that there was a law that said you can't do that.

THE DEFENDANT: Okay.

* * *

MS. PILLAY [the prosecutor]: In summary, on August 20th of 2009, the defendant traveled from O'Hare International Airport in Chicago, Illinois, . . . to . . . Ottawa, Ontario, Canada. During this trip the defendant carried a Toshiba Satellite laptop computer[.]

THE COURT: Stop right there. Do you agree with what she said so far?

THE DEFENDANT: I did have a Toshiba.

* * *

THE COURT: Okay. At the time you flew from Chicago to Ottawa with this Toshiba Satellite laptop computer, did you understand—did you know at the time that it had some number of images of child—

THE DEFENDANT: Yes.

THE COURT: —pornography on it?

(continued...)

Despite these admissions, Dean maintained that he "didn't knowingly, purposely want to break the law or anything. I was—for whatever reason, I had it on my computer, and my intentions were not to let it out of my hands until I could get rid of it or destroy it. But I know that isn't the important part. The point I wish to make is I did not knowingly break the law or violate that code. I didn't know that it existed." In response, the district court explained that § 2252A(a)(1) did not require knowledge of illegality but only knowing transportation of child pornography across state lines or an international border. Dean responded with understanding: "Yes. And that is why I plead to that." The district court ultimately accepted Dean's guilty plea.

At sentencing, the district court calculated a criminal history category of one and an offense level of thirty-four, suggesting a Guidelines range of 151- to 188-months' imprisonment. The district court recognized that, because certain enhancements apply to nearly every child pornography case, the Guidelines "range is too severe." Beginning with a below-Guidelines starting point of 108 months, the

---

[1]  (...continued)

THE DEFENDANT: Yes.

\* \* \*

THE COURT: . . . And did you—the next sentence [of the plea agreement] says that you knew that there were images and videos on your laptop that depicted real children engaging in sexually explicit conduct. Is that true?

THE DEFENDANT: That is true.

district court deducted 21 months to credit Dean's Canadian imprisonment. Thus, the court imposed an 87-month prison term followed by lifetime supervised release.

## III. Discussion

### A. Dean's Guilty Plea Satisfies the State of Mind Requirements for Knowing Transportation of Child Pornography

Dean first challenges the district court's interpretation of § 2252A, suggesting that a factual basis for Dean's plea did not exist because Dean never admitted to knowing that his transportation of child pornography across a foreign border violated the law. Dean's guilty plea, however, forecloses this argument. In pleading guilty, Dean waived any challenge to the application of the statutory elements to his conduct. *See United States v. Martin*, 147 F.3d 529, 533 (7th Cir. 1998). Dean tries to nullify his waiver by explaining in his reply brief that he did not knowingly and voluntarily plead guilty. But Dean did not challenge the voluntariness of his plea in his opening brief so that argument, too, is waived. *E.g.*, *United States v. Fluker*, 698 F.3d 988, 1004 (7th Cir. 2012).[2]

---

[2] Dean asserts that the "record is rampant" with statements suggesting involuntariness but does not direct the Court to any of these statements with a citation. Our independent review of the change of plea transcript confirms that Dean voluntarily

(continued...)

Even if we were to reach the merits of Dean's argument, it is clear that Dean voluntarily admitted to conduct providing a factual basis for the district court to conclude Dean possessed the requisite state of mind when he carried the child pornography into Canada. Dean disagrees, arguing that he denied knowledge of the statute criminalizing his possession and transport of the child pornography at his plea hearing. According to Dean, the district court's acceptance of the plea under these circumstances imposed strict liability for the offense. That is an incorrect assumption.

Section 2252A is not a strict liability statute. It mandates punishment of anyone who "*knowingly* . . . transports . . . using any means or facility of . . . foreign commerce by any means, including by computer, any child pornography." § 2252A(a)(1) (emphasis added).

---

2 (...continued)

admitted to his knowing possession and transport of child pornography across the U.S.-Canada border. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012) (affirming voluntariness of plea on independent review of the record). That said, we underscore the important responsibility of district courts to confirm independently, through thorough questioning, that a defendant acts voluntarily in foregoing trial and pleading guilty. *See* Fed. R. Crim. P. 11(b). The interests of prosecution and defense counsel may converge in disposing of a case through plea agreement. The district court must act as the critical bulwark to ensure that those defendants seeking to plead guilty fully understand the consequences of such a decision.

Thus, the statute does require a guilty state of mind—knowledge. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 73-74 (1994); *Morissette v. United States*, 342 U.S. 246, 264 (1952). As the district court properly recognized, § 2252A requires not knowledge of illegality but knowledge that one possessed child pornography while crossing a state or foreign border. *See X-Citement Video*, 513 U.S. at 78. At his plea hearing, Dean freely admitted both knowing possession of child pornography and knowing transport of that pornography across the Canadian border. That is all conviction requires, *see id.*, so Dean's elocution provided ample factual basis for the district court to conclude that Dean possessed a guilty mental state.

Dean's suggestion that the district court should have read "knowingly" in the statute to apply to his knowledge of illegality, rather than the statutory elements of the crime, is incorrect. Ignorance of the law is no defense. *E.g.*, *United States v. Kilgore*, 591 F.3d 890, 894 (7th Cir. 2010) (noting "it is hornbook law that ignorance of the law is generally no defense" (citing *Cheek v. United States*, 498 U.S. 192, 199 (1991)). Defense counsel himself so recognized at Dean's sentencing hearing: "What I want to say is that all along, Mr. Dean has maintained what [government] counsel herself has articulated, that [Dean] had no understanding of the seriousness of what he was doing, that it was even a crime. Certainly that is not a legal defense. I understand that." Dean offers nothing that compels the Court to swim against this heavy current of long-settled precedent in the Anglo-American criminal justice system.

Instead, Dean invokes *Morissette v. United States*, 342 U.S. 246 (1952), and *Liparota v. United States*, 471 U.S. 419 (1985). Neither authority supports his incorrect understanding of the criminal state of mind requirement. Although *Morissette* extols the benefits of requiring guilty mind as a prerequisite for criminal sanction, it also recognized that Congress has used the word "knowing"—the same word in § 2252A(a)—to describe such a guilty state of mind. *Morissette*, 342 U.S. at 252-62, 264. For that reason, *Morissette* does not support Dean's argument. Rather, it recognizes only that when Congress codifies a common law crime in statute without specifying a particular *mens rea* in the statutory text, the common law *mens rea* remains an element of the crime. *Id.* at 272-73. In Dean's case, *Morissette* does not apply: Congress explicitly identified the required state of mind in the text of the statute—knowledge. *See X-Citement Video*, 513 U.S. at 78. Likewise, *Liparota* provides Dean no refuge. That case involved conviction under a statute criminalizing "knowingly us[ing], transfer[ing], acquir[ing], alter[ing], or possess[ing] [food stamps] in any manner not authorized by [the statute] or the regulations." 471 U.S. at 420. The *Liparota* Court concluded that, in this statute, "knowingly" required knowledge that the use, transfer, etc. of the food stamps was unlawful. *Id.* at 433-34. Unlike the statute in *Liparota*, which explicitly included unlawfulness as an element of crime, the statute Dean violated does not. Thus, *Liparota* offers no support for a reading of § 2252A(a) that would require knowledge of unlawfulness.

Ultimately, through his guilty plea, Dean has waived any challenge to the district court's application of the statutory elements to the facts of his case. Even if he had not waived this challenge, Dean's argument fails on the merits.

## B. The District Court Adequately Considered the § 3553(a) Factors When Sentencing Dean

Dean next attacks his sentence, suggesting that the district court did not adequately consider the § 3553(a) factors when sentencing him. We review a district court's sentencing procedure de novo. *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). Dean argues procedural error in the district court's failure to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). He finds this error in comparing his final offense level to the base offense level for conduct that, in Dean's eyes,[3] is more

---

[3] We have rejected the notion that merely viewing child pornography is a victimless crime:

> Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded—both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. . . . The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced.

(continued...)

severe than his. Dean is mistaken.

Comparing a final offense level to the base offense level of other crimes is not a valid gauge for determining whether a sentence avoids unwarranted disparities.[4] More importantly, when a district court "has correctly calculated a Guidelines range, we assume that significant consideration has been given to avoiding unwarranted disparities between sentences." *United States v. Stathem*, 581 F.3d 548, 556 (7th Cir. 2009); *accord Gall v. United States*, 552 U.S. 38, 54 (2007). This assumption applies with added force in this case, where not only has Dean left unchallenged the technical accuracy of the district court's Guidelines calculation, but the district court imposed a sentence well below the suggested Guidelines range.

---

[3] (...continued)
*United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007) (citations omitted).

[4] Even assuming a comparison between *base* offense levels adequately encompasses this analysis—which it does not—Dean's base offense level is actually lower than the base offense level for several of the statutes on which Dean relies. For example, Dean's crimes warranted a base offense level of 22. U.S.S.G. § 2G2.2(a)(2). Trafficking children by force or coercion in violation of 18 U.S.C. § 1591(b)(2) carries a base offense level of 30. U.S.S.G. § 2G1.3(a)(2). And coercing or enticing a minor to engage in prostitution in violation of 18 U.S.C. § 2422 earns a base offense level of 24 or 28. U.S.S.G. § 2G1.3(a)(3)-(4).

Dean also attacks the substantive reasonableness of his sentence. We review the substantive reasonableness of a sentence for an abuse of discretion, *Pape*, 601 F.3d at 746, and find no such abuse here. The district court imposed an 87-month sentence well below the 151- to 188-month Guidelines range. As a below- or within-range sentence, we presume its reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Dean offers nothing to rebut this presumption. True, some judges, including the district judge in this case, feel Guideline 2G2.2 results in artificially high sentences for child pornography possession, receipt or transport.[5] *See United States v. Halliday*, 672 F.3d 462, 473-74 (7th Cir. 2012). That does not mean, however, that district courts are required to impose a below-Guidelines sentence in such a case. *See United States v. Huffstatler*, 571 F.3d 620, 622-24 (7th Cir. 2009) (per curiam). Indeed, this Court has affirmed stiffer sentences for similar conduct. *E.g.*, *United States v. Carey*,

---

[5] Usually, this inflated Guidelines range results from enhancements arising from the digital nature of the crime, which in practice characterizes nearly all offenses. For example, defendants receive a 5-level enhancement if they distributed images in exchange for a thing of value (e.g., used a file-sharing system to download the images). U.S.S.G. § 2G2.2(b)(3)(B) & Application Note 1 (defining "thing of value"). A 2-level enhancement results if the offense involves the use of a computer. § 2G2.2(b)(6). And if the offense involves 600 or more images, the Guidelines call for a 5-level increase. § 2G2.2(b)(7)(D). (Because digital images can be shared, downloaded, or duplicated with much more ease than hardcopy images, defendants often exceed this 600-image threshold.)

369 F. App'x 725 (7th Cir. 2010) (nonprecedential decision) (affirming 151-month sentence under § 2252A); *United States v. Lance*, 344 F. App'x 285 (7th Cir. 2009) (nonprecedential decision) (affirming 120-month sentence under § 2252A). Thus, we do not believe the district court failed to avoid unwarranted sentencing disparities or abused its discretion in setting Dean's sentence at 87 months.

## C. Dean Received Credit for His Canadian Imprisonment

Finally, Dean argues that the Bureau of Prisons (BOP) has not credited him with time-served in Canada. Dean's judgment and commitment order, however, accurately lists his sentence at 87 months, the sentence the district court identified *after* having credited Dean for his time served in Canada. Dean offers nothing but his own suspicions to suggest that the BOP intends to incarcerate him longer than the 87-month term of imprisonment stated on that order. Thus, Dean's final challenge to his sentence fails.

## IV. Conclusion

For the foregoing reasons, we AFFIRM Dean's guilty plea and sentence.