NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 22, 2013
Decided April 19, 2013

**Before**

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1928

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-20031-001 |
| FRED T. ROBINSON, *Defendant-Appellant*. | Michael P. McCuskey, *Judge*. |

**O R D E R**

Fred Robinson was parked in a motel lot in Decatur, Illinois, when two detectives approached his car and identified themselves. Robinson sped away, hitting one of the detectives with his car. As he fled he tossed a bag containing crack cocaine out the window. When federal authorities later indicted him for possessing crack with intent to distribute, 21 U.S.C. § 841(a)(1), Robinson already was in state custody for striking the officer. He pleaded guilty to the drug charge and, because of the drug quantity and his prior conviction for a felony drug crime, faced imprisonment for 10 years to life. See *id.* § 841(b)(1)(B)(iii).

At sentencing Robinson's counsel requested that the district court give Robinson "credit for time served" beginning on April 1, 2010, the date he was arrested by state authorities on the state charge that remained pending at the time of Robinson's sentencing in federal court. (Robinson had been indicted in federal court on May 5, 2010, and made his

first appearance five days later.). The court assumed that Robinson would be credited with the time after his first appearance in federal court but explained that the Bureau of Prisons exclusively calculates presentence credit and thus the court would not determine when Robinson went into federal custody. Counsel responded "fair enough," and moved on.

Robinson is a career offender, U.S.S.G. § 4B1.1, leading to a total offense level of 34, a criminal-history category of VI, and a guidelines range of 262 to 327 months. But the district court concluded that the career-offender provision overstates Robinson's criminal history and imposed a below-guidelines sentence of 180 months. After the court announced Robinson's sentence, he personally asked the court to clarify the issue of presentence credit. The court explained that the Bureau of Prisons would calculate and credit against the 180 months the "time you've done in federal custody." Neither Robinson nor his counsel asked that the court revise the prison sentence from 180 months to 179 to account for the time Robinson had been in jail on the state charge before his first appearance in federal court.

Robinson filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California,* 386 U.S. 738, 744 (1967). Robinson opposes counsel's motion. See CIR. R. 51(b). We limit our review to counsel's facially adequate brief and Robinson's response. See *United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel explains that his *Anders* submission explores the possible issues requested by Robinson, but the lawyer does not discuss the guilty plea or say explicitly that Robinson does not want his plea set aside. See *United States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox,* 287 F.3d 667, 670–71 (7th Cir. 2002). This omission does not require that we reject the *Anders* submission. The transcript of the plea colloquy shows that the district court substantially complied with Federal Rule of Criminal Procedure 11, so any challenge to the plea would be frivolous. See *Konczak,* 683 F.3d at 349; *United States v. Blalock,* 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola,* 105 F.3d 331, 334 (7th Cir. 1997). The district court explained the statutory penalties, the basics of the sentencing guidelines, and the trial rights Robinson would waive by pleading guilty. The court also confirmed that a factual basis exists for the guilty plea and ensured that Robinson's plea was voluntary. See FED. R. CRIM. P. 11(b).

Counsel evaluates whether the defendant could argue that the district court should have directed the Bureau of Prisons to credit him for the time he was in state custody before his federal arrest. But the court correctly informed Robinson that it was powerless to order presentence credit because that decision rests with the Bureau of Prisons. See *United States v. Wilson,* 503 U.S. 329, 335 (1992); *United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000); *United States v. Hill,* 48 F.3d 228, 234 (7th Cir. 1995). An appellate claim thus would be frivolous.

Robinson seems to argue in his Rule 51(b) response that the district court should have reduced his sentence by the amount of time he spent in state custody before his first appearance in federal court because it may do so if it thinks that the Bureau of Prisons will not. Robinson is correct that the court has that discretion, see *United States v. Campbell*, 617 F.3d 958, 961–62 (7th Cir. 2010), but he did not ask the court to exercise that discretion at sentencing and does not assert now that he had intended to argue for that relief. Moreover, the district judge interpreted Robinson's request to give him "credit for time served" as one to "impose a finding on the Bureau of Prisons," and Robinson's counsel did not contest this interpretation. It was Robinson's burden to ask the court to reduce his sentence, see *United States v. Filipiak,* 466 F.3d 582, 584 (7th Cir. 2006), but he did not. Instead, the sentencing hearing reveals only that counsel asked the court to start counting Robinson's "time served" beginning on the date he was brought into state custody. It would therefore be frivolous to argue on appeal that the district court plainly erred in not reducing Robinson's sentence by one month. See *United States v. Guajardo-Martinez*, 635 F.3d 1056, 1058–59 (7th Cir. 2011).

Counsel and Robinson also consider arguing that the district court did not address adequately "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See 18 U.S.C. § 3553(a)(6). The lawyer concludes that this contention would be frivolous, and we agree. Sentencing courts "need not address every § 3553(a) factor in checklist fashion, explicitly articulating its conclusions regarding each one." *United States v. Shannon,* 518 F.3d 494, 496 (7th Cir. 2008); see *United States v. Grigsby,* 692 F.3d 778, 791 (7th Cir. 2012); *United States v. Collins,* 640 F.3d 265, 271 (7th Cir. 2011). In particular, a judge who correctly calculates the guidelines range necessarily has considered § 3553(a)(6), *United States v. Reyes-Medina,* 683 F.3d 837, 841 (7th Cir. 2012), a point that is especially evident when a defendant, like Robinson, agrees with the court's guidelines calculations and receives a below-range term, see *United States v. Dean*, 705 F.3d 745, 750 (7th Cir. 2013). Moreover, the district court weighed Robinson's arguments in mitigation—his cooperation with the government, education, and support from family—against his extensive criminal history and prolonged substance abuse. Ultimately, the court concluded that, although the career-offender guideline overstates the seriousness of Robinson's criminal history, the statutory minimum of 120 months understates it and would not provide just punishment or encourage respect for the law. This was an adequate explanation for the 180-month sentence. See, *e.g., United States v. Panaigua-Verdugo,* 537 F.3d 722, 728 (7th Cir. 2008).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.