NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2013[*]
Decided September 13, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1047

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 08 CR 50037 |
| DARIUS R. MCGEE, | |
| *Defendant-Appellant.* | Philip G. Reinhard, |
| | *Judge.* |

**O R D E R**

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Darius McGee appeals from the denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his prison sentence based on a retroactive change to the offense levels for crack-cocaine offenses. The district court correctly denied the motion on the ground that he was sentenced as a career offender and thus the change to offense levels did not affect his guidelines range. We affirm the judgment.

McGee pleaded guilty to one count of distributing crack cocaine, 21 U.S.C. § 841(a)(1). His base offense level would have been 32 for the amount of crack he distributed (at least 150 but less than 500 grams), *see* U.S.S.G. § 2D1.1(c)(4) (2009), but his lengthy criminal history made him a career offender, a status that raised his offense level to 34, *see id.* § 4B1.1(b)(2). After a 3-level reduction for acceptance of responsibility, *see id.* § 3E1.1, McGee's total offense level of 31 and criminal-history category of VI yielded a guidelines imprisonment range of 188 to 235 months. The district court sentenced him above the guidelines to 264 months' imprisonment.

McGee filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on amendments 748 and 750, which together retroactively lowered the offense levels for certain crack-cocaine offenses. *See* U.S.S.G. App. C, vol. III 374–85, 391–98 (2011). The district court denied that motion because McGee had been sentenced as a career offender, and thus the amendments did not lower his sentencing range.

On appeal McGee concedes that he was sentenced as a career offender but argues that he is nonetheless eligible for a sentencing reduction because, he asserts, § 4B1.1, like all guidelines provisions, is discretionary. McGee is correct that sentencing courts are free to disagree with the career-offender enhancement, *see United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010) (en banc), but not in the context of § 3582(c)(2), which has a limited scope and purpose. Section 3582(c)(2) provides for a limited sentence modification to an otherwise final sentence in circumstances specified by the Sentencing Commission; it does not authorize the district court to conduct a plenary resentencing or allow McGee to challenge the appropriateness of his original sentence. *See Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010); *United States v. Davis*, 682 F.3d 596, 610 (7th Cir. 2012); *United States v. Jackson*, 573 F.3d 398, 400 (7th Cir. 2009). Because the amendments did not change the career-offender guideline, which the district court used to calculate his guidelines range, McGee was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and thus, he is ineligible for a reduction in sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Finally, in his reply brief McGee asserts for the first time an equal-protection challenge on the ground that race influenced the decision to deny retroactive application of the Fair Sentencing Act. But arguments that are not raised in the appellant's opening brief are waived. *United States v. Dean*, 705 F.3d 745, 747–48 (7th Cir. 2013).

The judgment of the district court is **AFFIRMED**. McGee's motion to hold proceedings in abeyance is **DENIED**.