In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2740

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

HAROLD LACY,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Central District of Illinois.
No. 14-cr-20073 — **Colin S. Bruce**, *Judge*.

ARGUED JANUARY 12, 2016 — DECIDED FEBRUARY 17, 2016

Before BAUER and HAMILTON, *Circuit Judges*, and
PETERSON, *District Judge*.*

PETERSON, *District Judge*. Harold Lacy pleaded guilty to a
federal charge of heroin distribution. The district court sentenced Lacy to 168 months of incarceration, consecutive to
any sentence he might receive on state-court charges that

---

* Of the Western District of Wisconsin, sitting by designation.

were pending at the time of his federal sentencing. Lacy ultimately received a lengthy sentence on the state charges, and he now appeals the federal court's imposition of a consecutive sentence as an abuse of discretion. But Lacy waived his right to appeal any aspect of his sentence, and thus we must dismiss Lacy's appeal, despite our reservations about the way in which the consecutive sentence was imposed here.

## BACKGROUND

Lacy was indicted on one count of distribution of heroin, in violation of 21 U.S.C. § 841(a). Because of his prior drug convictions, Lacy faced a maximum term of incarceration of 30 years. On March 20, 2015, Lacy entered into a written plea agreement, in which he agreed to plead guilty and waive his appeal rights, subject to limited exceptions. For its part, the government agreed to: (1) allow Lacy to cooperate and, if appropriate, recommend a reduction for substantial assistance under U.S.S.G. § 5K1.1; and (2) recommend a sentence at the low end of the advisory guideline range. During the colloquy at his plea hearing, Lacy acknowledged that he understood his appeal rights and that he agreed to waive them as part of the negotiations to receive the benefit of the government's promises.

At sentencing, the government made good on its promises, recommending that Lacy receive a sentence at the bottom of the guideline range and moving for a 10 percent downward departure for Lacy's substantial assistance. Thus, as expected, the government recommended that Lacy receive a sentence of 168 months.

But the sentencing hearing included a surprise: at the close of its presentation, the government asked that Lacy's federal sentence run consecutive to any sentence that he would receive for then-pending state-court charges. The prosecutor made the request "as a courtesy" to the prosecutor of the state charges:

> The only additional thing I was going to add is the State's Attorney—there's a pending case in Macon County right now, and the State's Attorney has asked us to ask you to run the sentences consecutive. Now, as a matter of policy, I generally don't ask that. I typically ask the last judge in time to do so; however, as a courtesy to a fellow prosecutor, I'm relaying their request to you. That was the only thing I wanted to add to this.

Dkt. 17, at 52. The district court adopted the government's recommendations and sentenced Lacy to 168 months, to be served consecutive to any state sentence imposed in three state-court cases. Lacy's trial counsel made a record of his objection to the imposition of a consecutive sentence without specifying the grounds for his objection.

Lacy eventually pleaded guilty to one of the state charges, for which he received a sentence including a 20-year term of incarceration. The other state charges were dismissed. Lacy now appeals the federal court's imposition of a consecutive sentence.

## ANALYSIS

A criminal defendant may waive his right to appeal as part of a plea agreement, provided that the waiver is clear

and unambiguous. *United States v. Hallahan*, 756 F.3d 962, 971 (7th Cir.), *cert. denied*, 135 S. Ct. 498 (2014) (citing cases). A knowing and voluntary appeal waiver is enforceable and bars appellate review. *United States v. Jones*, 381 F.3d 615, 619 (7th Cir. 2004). Lacy does not contend that his waiver was not knowing and voluntary; indeed, such an argument would be futile in light of the thorough colloquy the magistrate judge conducted at the change of plea hearing.

Lacy's principal argument is that the plea agreement does not specifically address the concurrent/consecutive issue, and thus the waiver does not foreclose his appeal of the consecutive aspect of his sentence. As a general rule, ordinary contract law principles govern plea agreements, *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013), and we will "interpret the terms of the agreement according to the parties' reasonable expectations and construe any ambiguities in the light most favorable to [the defendant]." *United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2010) (citation and internal quotation marks omitted).

Lacy's problem is that his appeal waiver is unambiguous and very broad. Lacy's appeal waiver provides, in relevant part:

> [T]he defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by

> the United States in this plea agreement, unless otherwise stated in this paragraph. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

Dkt. 16-2, at 22. By its terms, the appeal waiver applies to *any and all* issues relating to Lacy's sentence or the manner in which it was determined, so long as the sentence fell within the prescribed statutory maximum.

The waiver's broad sweep includes the substantive issue that Lacy raises here: whether the district court abused its discretion in imposing a consecutive sentence. The sentence Lacy received falls plainly within the statutory maximum, which would have been 30 years in light of Lacy's criminal history. Lacy's argument runs head-on into our decision in *United States v. Aslan*, 644 F.3d 526, 534 (7th Cir. 2011), where we held that the decision to impose a consecutive sentence falls easily within the scope of a similarly worded appeal waiver. We have recognized several due process limitations on appeal waivers, *United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir.), *cert. denied*, 134 S. Ct. 2864 (2014), but Lacy does not invoke any of those. Because the issue Lacy raises on appeal is within the scope of the waiver he entered, and because the appeal does not raise due process concerns, appellate review is barred. *Id*.

Lacy's second argument is that the government breached the plea agreement by recommending that Lacy's federal sentence run consecutive to his anticipated state sentence. Lacy argues that the consecutive sentence effectively imposed a 408-month term of incarceration, far above the low

end of the guideline range, which was 188 months before the downward departure for substantial assistance.

Because Lacy did not raise this argument before the district court at sentencing, we review the matter for plain error. *United States v. Rachuy*, 743 F.3d 205, 209 (7th Cir. 2014), *reh'g and suggestion for reh'g en banc denied*, (Apr. 23, 2014), *cert. denied*, 135 S. Ct. 249 (2014). "Under the plain-error standard, we will reverse the district court's sentencing determination only when we find: (1) an error or defect (2) that is clear or obvious (3) affecting the defendant's substantial rights (4) and seriously impugning the fairness, integrity, or public reputation of judicial proceedings." *United States v. Goodwin*, 717 F.3d 511, 518 (7th Cir. 2013).

Despite Lacy's contention to the contrary, the government honored its plea agreement promises. The government *did* recommend a sentence at the low end of the guideline range. Lacy acknowledges that the plea agreement is silent with respect to whether his sentence would run consecutively or concurrently; the government did not make any express or implied promises regarding this issue. "Although the government must fulfill any express or implied promise made in exchange for a guilty plea, the parties' rights under the plea agreement are limited to those matters upon which they actually agreed." *Hallahan*, 756 F.3d at 974 (quoting *United States v. Williams*, 102 F.3d 923, 927 (7th Cir. 1996)). The government did not breach the plea agreement, and thus there was no plain error in the district court's sentencing Lacy under the agreement.

Lacy's third argument is that the plea agreement is void because of a mutual mistake of fact. But Lacy has waived this argument by waiting until his reply brief to raise it. *See*

*United States v. Matchopatow*, 259 F.3d 847, 851 (7th Cir. 2001). Besides, Lacy's mutual mistake argument is ill conceived because there was no mutual mistake of *existing* fact. *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 421 (7th Cir. 1998). Neither side knew what would happen in Lacy's state cases. But even if both sides were surprised by the length of his state sentence, a surprising, unanticipated future event does not establish a mutual mistake of fact.[1]

Lacy's appeal of his sentence is foreclosed by his waiver, and thus we must dismiss the appeal. Nevertheless, the consecutive sentence gives us pause. Lacy's state crime was unrelated to his federal heroin conviction, so we would not question the substantive decision to impose a consecutive sentence. But the impetus for the consecutive sentence— extending a courtesy to a state prosecutor—was not a proper sentencing consideration for the district court, as the United States acknowledged at oral argument. The district court had the discretionary authority under *Setser v. United States*, 132 S. Ct. 1463, 1473 (2012), to impose the consecutive sentence, but the court should have explained how doing so would advance the considerations set out in 18 U.S.C. § 3553(a). In cases like this one, where a pending state sentence has yet to be determined, a district court should consider whether the decision to impose a consecutive sentence is better left to the

---

[1] Lacy may not appreciate the import of the mutual mistake argument. If a contract were based on a mutual mistake, the remedy would be to void the agreement. *See, e.g.*, *United States v. Cook*, 406 F.3d 485, 488 (7th Cir. 2005) ("When a contract is rescinded, the parties are put back where they were before there was a contract … . A plea agreement is the same." (internal citations omitted)). But the relief Lacy seeks is only to vacate the consecutive aspect of his sentence, not to void the plea agreement, which would be followed by a new plea or, perhaps, a trial.

state court judge who will know what that future sentence will be.

Appeal DISMISSED.