**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 9, 2017
Decided October 25, 2017

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-3185

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:15-cr-30112-SMY |
| MICHAEL JOHNSON, a/k/a TRU, a/k/a DADDY TRU, a/k/a MIKEY, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

Michael Johnson ran a sex-trafficking conspiracy in southern Illinois that lasted about three years and included four females aged 12 to 17. He pleaded guilty to conspiring to commit, and committing, sex trafficking of minors by force, fraud, or coercion, *see* 18 U.S.C. §§ 1591(a)(1)–(2),(b)(1)–(2), 1594(c). The district court sentenced him to a bottom-end guidelines sentence of 360 months' imprisonment. In this court he challenges the reasonableness of his prison sentence, but the principal issue is whether a broad appeal waiver in his plea agreement bars this appeal. He contends that his reasonableness challenge is not barred because the prosecutor at his plea hearing misstated the scope of the appeal waiver. Because we conclude that the prosecutor's misstatement was inconsequential, we dismiss Johnson's appeal.

Johnson pleaded guilty in exchange for the government's promise to recommend a 240-month prison sentence (ten years less than the bottom of the guidelines range calculated by the parties). His plea agreement contains a broad appeal waiver:

> **Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction and sentence**, … except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment.

At his plea hearing, the district court inquired into Johnson's understanding of the plea agreement, including the appeal waiver. Johnson informed the court that he could not read. He confirmed under oath, however, that his attorney had read the plea agreement aloud to him and reviewed it with him. He said that he had a chance to ask his attorney any questions before he signed it, and that he believed he understood the agreement's terms, including the appeal-waiver provision. Later in the hearing, the court asked the prosecutor to restate the essential terms of the plea agreement. The prosecutor did so but, in summarizing the appeal waiver, misstated the scope of one exception: "He is also, your Honor, under his right of appeal, reserving the right to appeal the substantive reasonableness of the term of imprisonment. So he does have some appellate rights but they are limited." The prosecutor failed to mention that Johnson reserved this right only if his sentence exceeded his guidelines range. Johnson later asked questions regarding portions of the plea agreement unrelated to the appeal waiver, and so the judge continued the hearing to allow defense counsel to explain those matters.

At the next hearing, the district court again inquired into Johnson's understanding of the plea agreement. Johnson told the judge, again under oath, that his attorney had answered his questions about the plea agreement and reviewed it with him. He believed that he understood its terms, he said. The court then found that Johnson had pleaded guilty knowingly and voluntarily, and accepted his plea.

The district court sentenced Johnson to a bottom-end guidelines sentence of 360 months' imprisonment. The parties had jointly argued under the sentencing factors in 18 U.S.C. § 3553(a) that a 240-month, below-guidelines term was warranted because Johnson had spared the victims a trial by pleading guilty and his cognitive issues mitigated his offense conduct. The district judge considered these arguments but said that a bottom-end guidelines sentence was necessary to protect the public, deter Johnson and others from similarly "reprehensible" conduct, and "promote respect for the law," given Johnson's long history of violent offenses.

   In his opening brief to this court, Johnson disregards his appeal waiver and challenges the reasonableness of his prison sentence. The government responds that the appeal waiver is "clear and unambiguous" and must be enforced. Johnson, in his reply brief, presents three arguments regarding his appeal waiver: (1) the prosecutor's summary of the waiver's scope "confirms" that the parties intended to allow his reasonableness challenge, (2) the prosecutor's misstatement "amended the agreement" to allow the reasonableness challenge, and (3) Johnson did not voluntarily waive his right to appeal because the prosecutor's misstatement "induced" his guilty plea. The government asserts that Johnson waived these arguments by not raising them in his opening brief.

   For starters, Johnson waived his third argument, his voluntariness challenge, by raising it for the first time in his reply brief. A defendant who does not challenge that his plea agreement is unenforceable in his opening brief waives that challenge. *See United States v. Lacy*, 813 F.3d 654, 658 (7th Cir. 2016); *United States v. Dean*, 705 F.3d 745, 748 (7th Cir. 2013). In any event, this voluntariness argument fails because Johnson acknowledged at his plea hearing that, with counsel, he had reviewed and understood every term in the written plea agreement. We presume these statements to be true. *See United States v. Chapa*, 602 F.3d 865, 869 (7th Cir. 2010).

   But Johnson's first two arguments in his reply brief are not about the enforceability of the plea agreement, they are about the scope of his appeal waiver. Thus, we turn to the merits of these two arguments. *See, e.g., United States v. Shah*, 665 F.3d 827 (7th Cir. 2011) (evaluating whether defendant's appeal was within the scope of his appeal waiver even after defendant failed to anticipate the government's waiver defense in his opening brief); *see also Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003) (noting that we do not require an appellant to anticipate and preemptively address all defenses in his opening brief). Both arguments concern the parties' "reasonable expectations" with regard to the scope of the appeal waiver. *See Shah*, 665 F.3d at 836, 839 (noting that, in determining whether a claim is barred, a court of appeals must interpret the terms of a plea agreement according to the parties' reasonable expectations).

   He asserts first that, notwithstanding the contents of the written plea agreement, the prosecutor's statement "confirms" that the parties agreed to allow his reasonableness challenge. But plea agreements are interpreted under principles of contract law, *United States v. Bownes*, 405 F.3d 634, 635 (7th Cir. 2005), and nothing in the record reflects the sort of mutual mistake that would provide grounds for reformation of the agreement, *see* Restatement (Second) of Contracts § 155, because the prosecutor

made her statement only *after* Johnson already had signed the plea agreement and stated under oath that he understood it. And second, he asserts that the prosecutor "amended," or orally modified, the plea agreement when she stated that he was reserving the right to appeal the substantive reasonableness of his sentence. But the prosecutor's statement, without more, "hardly showed an intention to modify the written agreement." *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006) ("A state's promise need not be explicit to be enforceable, but more than an unfounded and unilateral belief is required to support the defendant's assertion that the government made a particular promise.") (internal quotations and citation omitted). Thus, the reasonable expectations of the parties were that the appeal waiver would operate as written to bar exactly the type of challenge Johnson brings here.

Because Johnson's plea agreement includes a valid waiver of his right to challenge the reasonableness of his within-guidelines sentence, we DISMISS his appeal.