NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180394-U

NO. 4-18-0394

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 5, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| HAROLD L. LACY, | ) | No. 14CF1307 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Knecht and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not abuse its discretion by denying defendant's
fourth-amended motion to withdraw his guilty plea, in which he asserted
ineffective assistance of counsel based on counsel's statements regarding
concurrent/consecutive sentencing.

¶ 2    In October 2014, the State charged defendant, Harold L. Lacy, by information

with one count of home invasion (720 ILCS 5/19-6(a)(2) (West 2014)), one count of aggravated

domestic battery (720 ILCS 5/12-3.3(a-5) (West 2014)), one count of unlawful restrain (720

ILCS 5/10-3(a) (West 2014)), one count of criminal trespass to a residence (720 ILCS

5/19-4(a)(2) (West 2014)), one count of domestic battery (720 ILCS 5/12-3.2(a)(1) (West Supp.

2013)), and one count of violation of bail bond (720 ILCS 5/32-10(b) (West 2014)).  At an

August 2015 hearing, defendant pleaded guilty to one count of home invasion pursuant to a plea

agreement, under which the State agreed to a 20-year prison term and the dismissal of the other

charges in this case and the charges in Macon County case Nos. 14-CF-867 and 14-CF-1053. The Macon County circuit court accepted defendant's plea and sentenced defendant to 20 years' imprisonment. In September 2015, defendant filed a motion to vacate his guilty plea, contending he would not have pleaded guilty if he had known his sentence in this case would run consecutive to his sentence in a federal case. He also filed a motion to reconsider and reduce his sentence based on the federal sentence running consecutive to his sentence in this case. Defense counsel also filed a motion to withdraw as counsel, which the court granted after an October 2015 hearing. Defendant's new counsel filed amended motions to withdraw defendant's guilty plea in January 2017, June 2017, February 2018, and May 2018. After a June 2018 hearing, the court denied defendant's fourth-amended motion to vacate his guilty plea.

¶ 3        Defendant appeals, contending the circuit court erred by denying his fourth-amended motion to withdraw his guilty plea because defendant was deprived of his constitutional right to effective assistance of counsel during the plea proceedings. We affirm.

¶ 4                              I. BACKGROUND

¶ 5        All the State's charges relate to defendant's actions in October 2014. The home invasion charge alleged that, on October 15, 2014, defendant, who was not a peace officer acting in the line of duty, knowingly and without authority entered the dwelling of Kimberly Landers, knowing or having reason to know Landers was present within that dwelling and intentionally caused injury to Landers by grabbing and pushing her. On November 20, 2014, a predisposition report was filed in this case, which set forth defendant's criminal record and pending charges. The report did not list the pending federal charge of distribution of heroin (21 U.S.C. § 841(a) (2012)). See *United States v. Lacy*, 813 F.3d 654, 656 (7th Cir. 2016). In March 2015, defendant pleaded guilty to the federal charge pursuant to a plea agreement. *Lacy*, 813 F.3d at

656.  On July 8, 2015, Travis Strobach entered his appearance as defendant's attorney in this case.  Strobach did not represent defendant on the federal charge.

¶ 6   On August 3, 2015, the federal district court held a sentencing hearing on the federal charge.  Defendant was present at the hearing.  During the hearing, the government requested defendant's federal sentence to run consecutive to any sentence he would receive for his then-pending state-court charges.  *Lacy*, 813 F.3d at 656.  The prosecutor noted the request for consecutive sentencing was " 'as a courtesy' " to the prosecutor on the state charges.  *Lacy*, 813 F.3d at 656.  The federal district court adopted the government's recommendations and sentenced defendant to 168 months' imprisonment to be served consecutive to any state sentence imposed in three state-court cases.  *Lacy*, 813 F.3d at 656.  Defendant's federal trial counsel made a record of his objection to the imposition of a consecutive sentence but did not specify the grounds for the objection.  *Lacy*, 813 F.3d at 656.  Defendant did appeal his federal sentence, but the United States Court of Appeals for the Seventh Circuit dismissed defendant's appeal because defendant waived his appeal rights as part of his plea agreement.  *Lacy*, 813 F.3d at 658.

¶ 7   At an August 17, 2016, hearing in this case, defendant pleaded guilty to one count of home invasion pursuant to a plea agreement.  Under the plea agreement, the parties agreed to a sentence of 20 years, a $200 fine, and the dismissal of all the charges in this case and in Macon County case Nos. 14-CF-1053 (burglary charge) and 14-CF-867 (aggravated domestic battery, criminal trespass to residence, and domestic battery charges).  The parties waived a presentence investigation report.  After admonishing defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012) and hearing the factual basis for the plea, the circuit court accepted defendant's guilty plea and sentenced him to 20 years' imprisonment.  The court's written sentencing judgment did not mention the federal sentence.

¶ 8 On September 15, 2016, defendant filed a motion to vacate his guilty plea, asserting he learned, after pleading guilty in this case, his sentence in his federal case would run consecutive with his sentence in this case. Defendant argued that, if he had known the two sentences would run consecutively, he would not have pleaded guilty in this case. Defendant also filed a motion to reconsider and reduce his sentence. In that motion, he noted his 14-year federal sentence and requested his sentence in this case be reduced to six years' imprisonment. Six days later, Strobach filed a motion to withdraw as defendant's counsel in this case because defendant no longer wished to abide by the terms of the plea agreement which Strobach had negotiated for him. After an October 13, 2015, hearing, the circuit court allowed Strobach to withdraw as defendant's counsel.

¶ 9 In January 2017, defendant's new attorney filed an amended motion to withdraw defendant's guilty plea, asserting, *inter alia*, ineffective assistance of counsel based on Strobach telling defendant his prison sentence in this case would run concurrent to any federal sentence. The State filed a response, asserting Strobach informed defendant his federal and state cases could run consecutively, and defendant was present when the federal judge ordered defendant's federal sentence to run consecutive to any state sentence. The State attached the following to its response: (1) a March 2017 affidavit by Strobach; (2) the transcript of defendant's August 3, 2015, federal sentencing hearing, which was e-filed in the federal district court on September 29, 2015; (3) the transcript of defendant's August 17, 2015, plea hearing in this case; (4) defendant's sentencing judgment in this case; and (5) defendant's information from the Department of Corrections prison inmate search. In June 2017, defendant filed a second-amended motion to withdraw his guilty plea and vacate his sentence, which included the same ineffective assistance claim related to defendant's federal sentence running consecutive to his state sentence. In

February 2018, defendant filed a "third amended petition for postconviction relief," which also included the claim based on his federal sentence running consecutively to his state sentence. In May 2018, defendant filed a "third amended motion to vacate judgment and withdraw guilty plea," which raised the same previously mentioned argument. On June 1, 2018, defendant's counsel filed the required certificate under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 10        On June 1, 2018, the circuit court held a hearing on what was defendant's fourth-amended motion to withdraw his guilty plea and vacate the judgment. Defendant testified in support of his motion and asked the circuit court to take judicial notice of United States Court of Appeals for the Seventh Circuit's decision (*Lacy*, 813 F.3d 654). The State presented the testimony of Strobach. Defendant testified again in rebuttal.

¶ 11        Defendant testified he was present for his sentencing in the federal case and knew the federal court judge had ordered his federal sentence to run consecutive to any sentence in his state case when he pleaded guilty in the state case. Defendant further testified he informed Strobach about the federal court's consecutive sentence provision and Strobach told him not to worry because he was going to get defendant's sentences to run concurrent. Defendant denied Strobach told him the state case would not be ordered to run consecutive with the federal case but there was no guarantee the federal case would not run consecutive to the state case.

¶ 12        Strobach testified defendant had three pending criminal cases in Macon County when he began representing him. Strobach explained defendant committed the crime in this case while on bond in the other two Macon County cases, and thus his sentence in this case would have to run consecutive to any sentences in the other two cases. Defendant asked Strobach to also represent him on the federal charge, but Strobach declined because Strobach was not

licensed to practice in the federal court. A few days before defendant's plea in the federal case, Strobach learned, during plea negotiations, the prosecutor in this case sent an e-mail to the federal prosecutor asking the federal prosecutor to request defendant's federal sentence run consecutive to any Macon County sentence. After learning that information, Strobach spoke with both defendant and defendant's attorney in the federal case. Defendant's attorney in the federal case indicated he was aware of the request. When Strobach spoke with defendant, defendant was also aware of the request. Strobach told defendant there were no guarantees whether the federal judge would order a consecutive sentence and he could not guarantee an outcome one way or the other. He explained to defendant his best bet was to plead guilty in the federal case and then plead guilty in the Macon County case, and hopefully the sentences would run concurrent. Strobach denied making defendant any guarantees or promises.

¶ 13        As to defendant's plea hearing in this case, Strobach testified there were two issues discussed during a break in the proceedings. One was the amended information and the other was consecutive sentencing. As to consecutive sentencing, Strobach asked defendant about the federal judge's ruling at the plea hearing. Strobach had contacted the federal prosecutor, but the federal prosecutor did not mention the imposition of a consecutive sentence. Defendant did not tell him the federal judge imposed consecutive sentencing. Strobach again let defendant know it was not a guarantee but pleading guilty was his best chance at getting concurrent sentences. Strobach had an agreement with the prosecutor the State would not request the sentence in this case to run consecutive with the federal case.

¶ 14        In rebuttal, defendant testified Strobach talked to the prosecutor during the break in the plea proceedings. After talking with the prosecutor, Strobach told defendant not to worry and defendant's sentences would run concurrent. Defendant also testified he and his federal

attorney did not know about the prosecutor's request to the federal prosecutor for a consecutive sentence before the sentencing hearing on his federal case. Defendant testified he did not talk with Strobach about the request from the prosecutor in this case to the federal prosecutor for consecutive sentences. Defendant also testified he paused for a minute during the plea hearing in this case when the judge asked defendant if he was being forced in any way to plead guilty. During the pause, Strobach whispered in his ear the sentences would run concurrent and not to worry.

¶ 15    After hearing the parties' arguments, the circuit court denied defendant's fourth-amended motion to withdraw his guilty plea. As to ineffective assistance of counsel, the circuit court stated, in pertinent part, the following:

> "So as I look at the ineffective argument in this case, I do not find Mr. Strobach was ineffective. He did meet with the defendant. He did discuss the options in this case. There is an argument about whether or not Mr. Strobach guaranteed the defendant that this would be a concurrent sentence. I think it is important to note that the state judge did not say this was a consecutive sentence. He agreed with the bargain in this case. He did not order consecutive sentence. That was a federal judge that came to that agreement. I have also looked at the docket entry made on the state case. Judge Steadman went through at length about the defendant's rights in this case. That was the bargain that was struck in this case. It's important to note initially this was an 85 percent case. As the plea went down, it was negotiated to a 50 percent case. So as I look at this case the question is, did the defendant receive the benefit of the bargain in this case. I am going to find the defendant did receive the benefit of his bargain."

¶ 16       On June 8, 2018, defendant filed a timely notice of appeal in compliance with Illinois Supreme Court Rule 606 (eff. July 1, 2017). Accordingly, this court has jurisdiction of defendant's appeal under Rule 604(d).

¶ 17                                II. ANALYSIS

¶ 18       Defendant appeals from the denial of his motion to vacate his guilty plea, in which he asserted he was denied effective assistance of counsel during his plea proceedings. The State disagrees.

¶ 19       The decision as to whether a guilty plea should be withdrawn rests within the circuit court's sound discretion. *People v. Davis*, 145 Ill. 2d 240, 244, 582 N.E.2d 714, 716 (1991). A court should permit the withdrawal of a guilty plea and allow the accused to plead not guilty where (1) it appears the guilty plea was entered on a misapprehension of the facts, or of the law, or in consequence of misrepresentations by counsel or the state's attorney or someone else in authority; (2) a doubt of the accused's guilt exists; (3) the accused has a defense worthy of consideration by a jury; or (4) the ends of justice will be better served by submitting the case to a jury. *Davis*, 145 Ill. 2d at 244, 582 N.E.2d at 716. In the absence of substantial objective proof showing the defendant's mistaken impressions were reasonably justified, subjective impressions alone are insufficient grounds on which to vacate a guilty plea. *Davis*, 145 Ill. 2d at 244, 582 N.E.2d at 716. Additionally, the defendant bears the burden of establishing the circumstances that existed at the time of the guilty plea, judged by objective standards, justified the mistaken impression. *Davis*, 145 Ill. 2d at 244, 582 N.E.2d at 716. Generally, we review a circuit court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. *People v. Williams*, 2016 IL 118375, ¶ 14, 47 N.E.3d 976. A circuit " 'court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view

- 8 -

adopted by the trial court.' " *People v. Harris*, 392 Ill. App. 3d 503, 509, 912 N.E.2d 696, 702 (2009) (quoting *People v. Stefanski*, 377 Ill. App. 3d 548, 550, 879 N.E.2d 1019, 1022 (2007)).

¶ 20         Our supreme court has recognized a sixth amendment right to effective assistance of counsel during the guilty-plea process. *People v. Brown*, 2017 IL 121681, ¶ 25, 102 N.E.3d 205. We analyze ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999). To obtain reversal under *Strickland*, a defendant must prove (1) his counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the deficiency prong of *Strickland*, the defendant must demonstrate counsel made errors so serious and counsel's performance was so deficient that counsel was not functioning as "counsel" guaranteed by the sixth amendment (U.S. Const., amend. VI). *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. Further, the defendant must overcome the strong presumption the challenged action or inaction could have been the product of sound trial strategy. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the prejudice prong, the defendant must prove a reasonable probability exists that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64.

¶ 21         Defendant contends Strobach had a duty to give him correct information when its accuracy was ascertainable before the time it was given. In support of his argument, defendant cites *Brown*, 2017 IL 121681, and *People v. Correa*, 108 Ill. 2d 541, 485 N.E.2d 307 (1985). In *Brown*, 2017 IL 121681, ¶ 23, the supreme court addressed whether the circuit court erred in dismissing the defendant's postconviction petition at the second stage of the proceedings where

the defendant alleged he was denied his right to effective assistance of counsel when he entered into a fully negotiated guilty-plea agreement in reliance on his counsel's erroneous advice he would only serve 50% of his 18-year sentence if he pleaded guilty to the charge of armed habitual criminal. The State did not even contest the defendant's argument his trial counsel's performance was objectively unreasonable. *Brown*, 2017 IL 121681, ¶ 27. There, the applicable sentencing statute required a defendant convicted of the offense of armed habitual criminal to serve 85% of his sentence (730 ILCS 5/3-6-3(a)(2)(ii) (West 2012)), but defendant alleged in his postconviction petition his counsel erroneously advised him he would serve only 50% of his sentence for that offense. *Brown*, 2017 IL 121681, ¶ 27. Taking as true all well-pleaded facts in the postconviction petition and supporting documentation, the supreme court agreed with the defendant there was no objectively reasonable justification for counsel's erroneous advice on "this straightforward and readily verifiable sentencing information." *Brown*, 2017 IL 121681, ¶ 27.

¶ 22        In *Correa*, 108 Ill. 2d at 553, 485 N.E.2d at 312, the supreme court concluded the defendant's guilty pleas were not intelligently and knowingly made and therefore not voluntary based on the erroneous and misleading advice by defense counsel on the crucial consequence of deportation. In reaching that conclusion, it noted defense counsel's unequivocal, erroneous, misleading representations were made in response to the defendant's specific inquiry regarding deportation, "the accuracy of which counsel could have ascertained before the pleas were entered." *Correa*, 108 Ill. 2d at 552, 485 N.E.2d at 311. The supreme court found defense counsel's advice was not within the range of competence required of counsel in such situations. *Correa*, 108 Ill. 2d at 553, 485 N.E.2d at 312.

¶ 23        Unlike in *Brown* and *Correa*, the record in this case does not show the imposition

of consecutive sentencing in the federal case was easily ascertainable. The guilty plea hearing in this case was only 14 days after the federal sentencing hearing. The transcript for the federal sentencing hearing was not filed until more than a month after the plea hearing in this case. Moreover, in support of his request to withdraw his guilty plea, defendant did not provide a written federal sentencing order or a docket entry stating his federal sentence was to run consecutive with any sentences in the state cases. Also, Strobach testified neither defendant nor the federal prosecutor informed him of the federal court's consecutive sentencing order when he inquired about it after the federal sentencing hearing. Thus, we find defendant failed to show the federal court's sentencing order was easily ascertainable.

¶ 24 Regardless, defendant himself was present at the sentencing hearing when the federal judge stated his federal sentence was to run consecutive to any sentence imposed in his pending state cases. He did not pass that information onto Strobach when Strobach asked him. Moreover, Strobach had informed defendant he was not licensed to practice in federal court and the federal charge was not in his purview and not part of the plea agreement Strobach negotiated with the State in this case. The impact of the federal sentencing order was a matter for defendant's federal counsel and not Strobach. While Strobach did talk with defendant's federal counsel to assist in providing the best outcome for defendant, Strobach was responsible only for defendant's state case and did everything he could to prevent consecutive sentencing. Defendant is essentially claiming ineffective assistance of counsel on an alleged error he created by not telling his attorney on his state cases what happened at his federal sentencing hearing.

¶ 25 Accordingly, we find the circuit court did not abuse its discretion by finding defendant was not denied effective assistance of counsel.

¶ 26 III. CONCLUSION

- 11 -

¶ 27          For the reasons stated, we affirm the Macon County circuit court's judgment.

¶ 28          Affirmed.