# In the

# United States Court of Appeals

## For the Seventh Circuit

————————————

No. 07-3226

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

STANLEY F. JACKSON,

*Defendant-Appellant*.

————————————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07 CR 23—**John C. Shabaz**, *Judge*.

————————————

ARGUED MAY 15, 2008—DECIDED OCTOBER 7, 2008

————————————

Before RIPPLE, KANNE, and WILLIAMS, *Circuit Judges*.

WILLIAMS, *Circuit Judge*. Stanley F. Jackson pled guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). Jackson was on probation and supervised release when he committed the charged offense so he received a four-year sentence from the state court for violating the terms of his release. The district court then sentenced Jackson to 170 months' imprisonment for the drug offense and imposed its sentence to run consecutively to that state sentence.

Jackson challenges the consecutive nature of his sentence, arguing that because the state sentence was imposed in part for conduct that was taken into consideration by the district court in calculating his Guidelines range, he was punished excessively for one course of conduct. Although the district court had the discretion to impose a consecutive sentence in this case pursuant to Section 5G1.3(c) of the United States Sentencing Guidelines ("U.S.S.G."), we are not confident that the district court considered the relevant factors before doing so. Therefore, we must remand for resentencing.

## I. BACKGROUND

On August 18 and 19, 2006, a confidential informant cooperating with law enforcement purchased .6 gram and .3 gram quantities of heroin from Jackson at a gas station in Madison, Wisconsin. Based on these sales, the state authorities searched Jackson's residence on August 26, 2006, and found more heroin.

At this time, Jackson was on probation for several bail jumping convictions and extended supervision with electronic monitoring for a 2001 felony crack cocaine distribution conviction, both of which were imposed by a Wisconsin state court. The state court revoked Jackson's probation and supervised release and sentenced him to four years in prison.

Jackson subsequently pled guilty in federal court to one count of knowingly and intentionally possessing heroin with the intent to distribute. A probation officer prepared

a presentence investigation report ("PSR") using the November 2006 Sentencing Guidelines. The probation officer concluded that Jackson was a career offender under U.S.S.G. § 4B1.1 because he had two prior felony convictions for controlled substance offenses. One was the 2001 state felony crack cocaine conviction and the other was a 2000 state court conviction for cocaine distribution. As a career offender, Jackson was assigned a base offense level of 32 and a criminal history category of VI. The probation officer subtracted three levels for acceptance of responsibility, which resulted in a total offense level of 29. Based on these calculations, the PSR suggested a sentencing range of 151-188 months' imprisonment. The probation officer noted in the PSR that the Wisconsin state court had revoked Jackson's supervised release and sentenced him to a four-year term of imprisonment that he had begun serving.

Jackson did not object to the PSR. At sentencing, Jackson requested that the district court sentence him on the low end of the Guidelines range and concurrently to his four-year state sentence, noting that had he not qualified as a career offender, his sentencing range would have been 51 to 63 months' imprisonment.

The district court sentenced Jackson to 170 months' imprisonment, which is in the middle of the advisory Guidelines range, and stated that the sentence should be served consecutively to Jackson's four-year state sentence. It also imposed three years' supervised release to follow the term of imprisonment. Before pronouncing the sentence, the district court considered the factors set forth in 18 U.S.C. § 3553(a) and then stated, "Given the

nature of the offense, the quantities of controlled substance and the history and characteristics of this defendant, a sentence at the middle of the guidelines range may be sufficient, it's certainly reasonable, it may even be sufficient to satisfy the statutory purposes of sentencing." After pronouncing the sentence term, the court stated that it would run consecutively to his undischarged state sentence in accordance with U.S.S.G. § 5G1.3. This meant Jackson faced an overall sentence (when combining the state sentence with the federal sentence) of 218 months' imprisonment.

## II. ANALYSIS

Jackson challenges his sentence on appeal, claiming that the district court erred in imposing a consecutive sentence. In reviewing sentences, we first look at whether the lower court committed any procedural error, such as improperly calculating the Guidelines range, failing to adequately explain the chosen sentence, treating the Guidelines as mandatory, or failing to consider the § 3553(a) factors. *Gall v. United States,* 128 S. Ct. 586, 597 (2007); *United States v. Broadnax*, No. 07-1985, ___ F.3d ___, 2008 WL 2955575, at *7 (7th Cir. Aug. 4, 2008). Then we consider whether the court's sentence is reasonable. *Broadnax*, 2008 WL 2955575, at *7.

### A. The district court had discretion to impose a consecutive sentence

Jackson does not dispute that the district court imposed a sentence within the properly calculated Guidelines

range. However, he contends that the district court erred in imposing its sentence consecutively to the state sentence.

Section 5G1.3 of the Sentencing Guidelines governs the imposition of a sentence on a defendant subject to an undischarged term of imprisonment. We have noted that "by providing that an appropriate total sentence is imposed for all relevant conduct, no matter how that conduct is ultimately divided and charged [this Guideline] is meant to ensure that a defendant is not punished excessively for one particular episode of offense conduct." *United States v. Johnson*, 324 F.3d 875, 878 (7th Cir. 2003).

The Guideline contains three subsections which provide:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(a)-(c).

Subsection (b) addresses situations where a district court "shall" impose a concurrent sentence. This subsection is applicable when a state charge is "relevant conduct" (as defined by U.S.S.G. § 1B1.3(a)) to a defendant's federal offense and is used to determine the appropriate offense level. *Broadnax*, 2008 WL 2955575, at *6; *Johnson*, 324 F.3d at 878-80; *see also United States v. Heard*, 359 F.3d 544, 549 (D.C. Cir. 2004). Although Jackson argues that the district court "effectively" double-counted Jackson's 2001 state conviction, he does not contend that the conduct underlying that conviction was "relevant conduct"

under U.S.S.G. § 1B1.3. Therefore, subsection (b) is not at issue here.

Subsection (c) applies when a defendant commits an offense while on supervised release. Although the language of subsection (c) states only that a district court may impose its sentence concurrently, partially concurrently, or consecutively to a prior undischarged sentence to "achieve a reasonable punishment," the commentary to Guideline 5G1.3 specifies that subsection (c) applies in cases where a defendant commits an offense while on supervised release, and recommends "that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." U.S.S.G. § 5G1.3 cmt. n. 3(C).

The district court's application of subsection (c) was appropriate because Jackson was on state supervised release and probation when he committed the instant offense. The state court revoked Jackson's supervised release and probation and sentenced Jackson to four years in prison based on the revocation. So, under the Sentencing Guidlines, the district court had the discretion to impose Jackson's sentence for the instant offense consecutively to the state sentence.

Jackson argues that he was twice punished for the conduct underlying his 2001 state controlled substance conviction because it was used to qualify him as a career offender (which raised his base offense level) and then his sentence was imposed consecutively to his state sentence based on the same offense. Had the court not considered the 2001 conviction, Jackson's Guidelines

range would have been 51-63 months instead of 151-188 months. Because this greater sentence was imposed consecutively to the state sentence, Jackson received what he deems an "excessive" punishment for the same course of conduct. Jackson maintains that the proper course would have been for the district court to impose its sentence to run concurrently with the state sentence.

It bears mentioning that Jackson does not challenge the calculation of the applicable Guidelines range, nor does he challenge his status as a career offender under the Guidelines. His sole argument is that the district court's application of U.S.S.G. § 5G1.3 was erroneous. However, he points to no authority (and we can find none ourselves) prohibiting consecutive sentences in these circumstances. *Cf. Heard*, 359 F.3d at 551-53 (rejecting argument that concurrent sentence was required where prior offenses were part of the calculation that led to career offender designation and higher Guidelines range).

Nevertheless, it is true that the combination of Jackson's sentence with his state sentence results in a lengthy term of imprisonment for Jackson and that both sentences were based in some part on overlapping conduct. The government responds that there is no double counting issue because the state's revocation of Jackson's probation vindicated a different interest than Jackson's federal sentence. That is, the state court's sentence for violating the terms of his supervised release is meant to punish that breach of trust. *See, e.g., United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996) ("revocation of supervised release is . . . designed to meet objectives entirely distinct from punishing the subsequent misconduct").

But this issue—whether the imposition of a consecutive sentence to a pre-existing state sentence for a crime used to enhance the federal sentence under the career offender guideline raises double counting issues—is one we need not decide today. At the time of his federal crime, Jackson was on supervised release and probation for a number of offenses in addition to the 2001 crack cocaine conviction. For example, Jackson was also on probation for various bail jumping offenses. The state court's four-year sentence reflects punishment for violating the term of probation for those offenses as well as Jackson's conduct underlying the 2001 state court conviction. Therefore, the conduct underlying the 2001 conviction which qualified Jackson for career offender status was not the exact same conduct that resulted in Jackson's four-year state sentence. *Compare United States v. Blum,* 534 F.3d 608, 612 (7th Cir. 2008) ("The presence of some factual overlap is not sufficient to trigger the prohibition on double counting, however, where the two enhancements address distinct aspects of a defendant's conduct."). Therefore, the district court did not err in imposing a consecutive sentence in this case.

**B. The district court did not provide adequate explanation for rejecting Jackson's arguments in favor of a concurrent sentence**

That the district court was not *required* to impose a concurrent sentence, however, does not mean it could not have done so. At the sentencing hearing, Jackson's counsel correctly argued that the district court had the

discretion to impose a concurrent sentence and urged the court to impose such a sentence, noting Jackson's youth at the time he committed the offenses that qualified him for career offender status and the relatively minor nature of those offenses. (His first offense occurred when he was eighteen years old and involved less than five grams of drugs, and his second offense occurred when he was nineteen years old and again involved less than five grams of drugs.) Because Jackson's status as a career offender had already increased his Guidelines range (from 51-63 months to 151-188 months), counsel argued that tacking that sentence onto Jackson's four-year state sentence (which had just begun) would be greater than necessary to reflect the seriousness of the offense. This was not a frivolous argument given the circumstances of this case, where there is some overlap between the conduct used to calculate Jackson's sentence here and the conduct driving the state sentence.

After hearing both parties' arguments, the district court reviewed Jackson's abusive childhood, the fact that he had "earned" his place as a career offender through his prior convictions, and his noncompliance with supervision, and then stated:

> The fact is that his criminal history as well as this particular offense does suggest a sentence at the middle of the guideline range. It's suggested at the top of the guideline range. He was on state supervision which included electronic monitoring at the time of this federal offense. Based on this history there is a high likelihood that the defendant will

continue to engage in criminal activity and will present a significant risk to the safety of the community. . . . Given the nature of the offense, the quantities of controlled substance and the history and characteristics of this defendant, a sentence in the middle of the advisory guideline imprisonment range may be sufficient, it's certainly reasonable, it may even be sufficient to satisfy the statutory purposes of sentencing. . . . The term of imprisonment will serve to hold the defendant accountable, protect the community from further criminal activity, serve as a deterrent and achieve parity with sentences of similarly situated offenders.

As to Count 3 of the superseding indictment it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of 170 months. This term of imprisonment is to run consecutive to his state revocations imposed in Dane County Circuit Court . . . in accordance with Section 5G1.3, Note 3(c). You don't get a bonus in this court because you have engaged in more criminal activity than others. It doesn't work that way.

Later, the district court entered a Statement of Reasons which states that it "declines to run the sentence concurrent to his state revocations as suggested by defendant being of the opinion that would unduly depreciate the seriousness of the offense."

The Guidelines contain an application note for U.S.S.G. § 5G1.3(c). That note states:

(A) In General.—Under subsection (c), the court may impose a sentence concurrently, partially concurrently, or consecutively to the undischarged term of imprisonment. In order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, the court should consider the following:

(i) the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

(ii) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(iii) the time served on the undischarged sentence and the time likely to be served before release;

(iv) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(v) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 cmt. n. 3(A) ("Application Note 3(A)").

   "[W]henever a district judge is required to make a discretionary ruling that is subject to appellate review, we have to satisfy ourselves, before we can conclude that the judge did not abuse his discretion, that he exercised his discretion, that is, that he considered the factors relevant to that exercise." *United States v. Cunningham*, 429 F.3d 673,

679 (7th Cir. 2005). The court's explanation for its ruling consists only of its cryptic remark—"You don't get a bonus in this court because you have engaged in more criminal activity than others. It doesn't work that way."—and its later statement that a concurrent sentence would "unduly depreciate the seriousness of the offense." Contrary to the government's assertion, the district court's discussion of the section 3553(a) factors does not explain its decision to impose a consecutive sentence. We read that discussion as explaining only the court's decision to impose a sentence in the middle of the advisory Guidelines range.

We do not have confidence that the district court considered any of the relevant factors in this case, where the district court failed to address the principal argument made by Jackson. *See id.* ("We cannot have much confidence in the judge's considered attention to the factors in this case, when he passed over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion, as it would have been if anyone acquainted with the facts would have known without being told why the judge had not accepted the argument."). "A district court may pass over in silence frivolous arguments for leniency, but where a defendant presents an argument that is 'not so weak as not to merit discussion,' a court is required to explain its reason for rejecting that argument." *United States v. Schroeder*, No. 07-3773, ___ F.3d ___, 2008 WL 2971805, at *7 (7th Cir. Aug. 5, 2008) (quoting *United States v. Miranda*, 505 F.3d 785, 791 (7th Cir. 2007)). Jackson's argument war-

ranted a reasonable explanation and the district court's brief, cryptic response does not provide sufficient explanation for us to determine whether the court abused its discretion.

The government argues that because sentences imposed at different times are presumed to run consecutively unless the sentencing judge orders them to run concurrently, the district court's sentence should be upheld. *See* 18 U.S.C. § 3584(a). Had the court remained silent, the government reasons, the sentence would have run consecutively by default. But the court did not remain silent so it is not clear how this argument advances the government's position in this case. Perhaps if Jackson failed to request a concurrent sentence, and the district court remained silent on whether its sentence would run consecutively or concurrently to a pre-existing sentence, Jackson might have a difficult time challenging the consecutive nature of the sentence. *Cf. Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000) ("the final sentence of § 3584(a) makes the federal sentence presumptively consecutive in all *unprovided-for* cases") (emphasis added). But here, where Jackson made a non-frivolous argument for a concurrent sentence, which the district court had the discretion to impose pursuant to U.S.S.G. § 5G1.3(c), and where the court exercised its discretion to deny Jackson's request, we do not think the court could simply have remained silent. *See Cunningham*, 429 F.3d at 679; *cf. Broadnax*, 2008 WL 2955575, at *7 (upholding a district court's decision to impose a consecutive sentence where the district court "thoroughly and on the record addressed the statutory factors as required by § 3553(a), and only thereafter decided that

this situation called for Broadnax's sentences to run consecutively, rather than concurrently").

## III.  CONCLUSION

Accordingly, we VACATE Jackson's sentence and REMAND for resentencing.