> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 6, 2017
Decided December 6, 2017

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-4117

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-CR-123 |
| JASON A. KIEDROWSKI, <br> *Defendant-Appellant*. | William C. Griesbach, <br> *Chief Judge*. |

## O R D E R

Jason Kiedrowski robbed multiple credit unions and banks throughout Wisconsin while on state probation for a burglary he committed in 2013. Police apprehended him after his sixth robbery and he confessed to the spree. He pleaded guilty to an information charging one count of bank robbery, 18 U.S.C. § 2113(a), and was sentenced to 10 years' imprisonment and 3 years' supervised release. Kiedrowski appeals, and now his appointed attorney moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Kiedrowski has not responded to counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects counsel discusses. *See United States v. Bey*,

748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Kiedrowski has told his counsel that he does not wish to withdraw his guilty plea. Thus counsel appropriately passes over possible arguments about the adequacy of the plea colloquy and voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first considers whether Kiedrowski could contest the guidelines calculation and the reasonableness of the sentence. Counsel correctly identifies no mistake in the offense level calculation and an immaterial—but favorable—mistake in the criminal history calculation, namely, the omission of one criminal-history point. Regardless, Kiedrowski had far more than the 13 criminal history points necessary for a criminal history category of VI, and thus we agree that arguing for reversal based on this miscalculation would be frivolous. Further, the sentence imposed is within the guideline range of 100 to 125 months and we agree with counsel that there is no basis to disturb the presumption that the sentence is reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Gries*, 872 F.3d 471, 476 (7th Cir. 2017).

Counsel notes that Kiedrowski wishes to challenge the district judge's decision to impose his federal sentence consecutive to his state sentence for burglary, which he received when his probation was revoked because of the bank robberies. The district judge had broad discretion to impose the sentence concurrently or consecutively. 18 U.S.C. § 3584; *United States v. Moore*, 784 F.3d 398, 404 (7th Cir. 2015). And although the judge did not rely on this point, the Sentencing Commission recommends a consecutive sentence when the defendant's probation was revoked for the same conduct underlying the federal offense. U.S.S.G. § 5G1.3 cmt. n.4(C); *United States v. Jackson*, 546 F.3d 465, 469 (7th Cir. 2008). In deciding to impose a consecutive sentence, the judge adequately considered the factors set forth in 18 U.S.C. § 3553(a), including the unrelated burglary and bank robbery that the state and federal sentences punish, Kiedrowski's character and long criminal history, and the need to protect the public from his continued crimes.

Finally counsel considers the district judge's imposition, over Kiedrowski's objection, of a condition of supervised release allowing warrantless searches and correctly concludes a challenge would be frivolous. The condition permits searches that are reasonable in time and manner and based on reasonable suspicion; we have allowed the imposition of a condition authorizing searches if limited in this way. *See United*

*States v. Kappes*, 782 F.3d 828, 860–62 (7th Cir. 2015). The district judge specifically considered the condition appropriate for Kiedrowski, given his long criminal history and extensive drug use, believing the condition "provides added incentive for Mr. Kiedrowski upon release to make sure he doesn't return to the life of crime." *Cf. id.* at 860.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.