In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 20-1265

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LINDANI MZEMBE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:15-cr-00087-RLM-MGG-2 — **Robert L. Miller, Jr.**, *Judge.*

_____

SUBMITTED JULY 8, 2020* — DECIDED NOVEMBER 9, 2020

_____

Before KANNE, ROVNER, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* This appeal presents several related issues about how federal judges should decide whether sentences in federal prosecutions should run consecutively to

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. 34(a)(2)(C).

or concurrently with separate sentences in unrelated state prosecutions. The issues arise in an unusual way in this case because the state court had already decided to impose a long sentence consecutive to the federal offender's federal sentence. Intervening changes in federal law then required resentencing in federal court, where the consecutive v. concurrent question could be revisited. The defendant-appellant argues that, in refusing to make the new federal sentence concurrent with the intervening state sentence, the district judge erred (a) by giving an inadequate explanation for his decision, (b) by deferring to the state court's intervening judgment to make the sentences consecutive, and (c) by imposing an unreasonably severe sentence that is a de facto life sentence. We find no reversible error, so we affirm the new federal sentence.

I.   *The Defendant and His Crimes and Punishment*

   A.  *The Defendant's Federal Crimes and Original Sentence*

In 2015, defendant Lindani Mzembe and two other men kidnapped another man, shot him, beat him (including beating his head with at least one handgun), and held him for ransom. When they thought their victim's injuries might prove fatal, Mzembe and the others abandoned him in an alley, bleeding and blindfolded with duct tape. Separate juries in the Northern District of Indiana found the three men guilty of multiple federal crimes.

The district court imposed heavy sentences: forty-four years in prison for Mzembe, fifty-four years and eight months for Derek Fields, and thirty-seven years for Ivan Brazier. All three appealed. In those appeals, intervening changes in law required us to vacate Mzembe's and Fields's convictions under 18 U.S.C. § 924(c) for discharging a firearm in a crime of

violence. *United States v. Brazier*, 933 F.3d 796, 802 (7th Cir. 2019). In that opinion, we affirmed all other convictions and Brazier's sentence, but we remanded for resentencing of Mzembe and Fields on the convictions that still stood. Upon remand, Fields was resentenced to forty-three years in prison and did not appeal.

B. *The Intervening State Convictions and Sentence*

All issues in this second appeal by Mzembe arise from an unexpected development between Mzembe's two federal sentencing hearings. In between, Mzembe was convicted in an Indiana state court for other serious and violent crimes that he had committed before the kidnapping.

In 2014, Mzembe and another man committed a brutal home invasion, beating and terrorizing a family to rob them of money and property. Frustrated because they could not find enough valuables to steal, Mzembe and the other robber forced the entire family to kneel and face a couch, with a gun aimed at the pregnant wife and mother. At some point, the husband and father reached for the gun and struggled with the robbers. Mzembe somehow managed to get away before the police arrived. The other robber was caught quickly, though, and he identified Mzembe as his partner in the crimes. *Mzembe v. State*, 113 N.E.3d 812 (Ind. App. 2018) (mem.) (affirming convictions and sentence).

The judge in the state case imposed a sentence of sixty-two years, consisting of sixteen years for robbery resulting in bodily injury, thirty years for burglary armed with a deadly weapon, and sixteen years for robbery by putting someone in fear resulting in bodily injury, all consecutive to each other. Knowing that Mzembe had already been sentenced to forty-

four years in federal prison, the judge also ordered the state sentence to run consecutive to the original federal sentence. By the time Mzembe was ready for resentencing in federal court, the state sentence was final.

C. *Resentencing in Federal Court*

After we set aside Mzembe's firearm conviction under 18 U.S.C. § 924(c), he still stood convicted of kidnapping (18 U.S.C. § 1201), making a ransom demand (18 U.S.C. § 875(a)), and being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)). Under the Sentencing Guidelines, he qualified for criminal history category VI, and his total offense level worked out to level forty-four, which is literally off the chart, as the federal Sentencing Guidelines top out at level forty-three. At that level, the Guidelines advise a life sentence even for an offender in criminal history category I, let alone for someone like Mzembe in category VI. The parties agree that the guideline range for Mzembe's federal crimes upon resentencing was life in prison.

Judge Miller resolved all guideline issues and other objections to the presentence report and heard the parties' presentations on the statutory factors under 18 U.S.C. § 3553(a), as well as Mzembe's allocution. The government recommended a new federal sentence of 480 months (forty years). Mzembe proposed a federal sentence of 408 months (thirty-four years).

Mzembe also argued that his state sentence was so heavy that the federal sentence should run concurrently with it. The government argued that the court did not have the power or discretion to impose a sentence concurrent with the state sentence, and that the sentences should be consecutive in any event. Judge Miller imposed a new federal sentence of thirty-

six years, and he explained it both orally and in a written opinion, pursuant to his usual and helpful practice. The judge denied Mzembe's request for concurrent sentences and ordered the newly reduced federal sentence to run consecutively, consistent with the state judge's intervening sentencing decision.

There were, so to speak, a lot of moving parts in the resentencing. The guideline range had changed for several reasons, rising to life in prison on the federal crimes alone. The court addressed the principal defense arguments, including the evidence that co-defendant Fields had coerced Mzembe to commit crimes with him by breaking his jaw two weeks before the kidnapping. (Apparently Mzembe had owed money to Fields and could not pay it.) The court rejected a minor-role adjustment under U.S.S.G. § 3B1.2 but said that a below-guideline sentence would be appropriate for the federal crimes, particularly in light of the coercion by Fields, even though, as the court also pointed out, once Mzembe had joined in, he had participated enthusiastically in the kidnapping and beating and had brought a gun to commit those crimes. The judge also considered the evidence of Mzembe's efforts at rehabilitation in prison. These included earning his GED degree, going through alcohol- and drug-abuse treatment, turning to religion, and for the first time expressing remorse in court for what happened to the man who was kidnapped, beaten, and shot.

After announcing the proposed federal sentence, the judge turned to the issue with the biggest practical impact, which was whether to make the new federal sentence concurrent with or consecutive to the intervening state sentence, in whole or in part. The judge's oral and written remarks on that subject were brief—the defense argues much too brief—coming

right after the explanation of the sentence for the federal of-
fenses. In the hearing, the judge said:

> I don't know if I have the authority to run the
> sentences concurrent rather than consecutively.
> I think I do, but I haven't looked it up because I
> didn't know we were coming here. And, of
> course, that's responding to what's being raised
> fluidly. But if I do have the authority to order
> them concurrent, I don't think it would be an
> appropriate exercise of my authority to do that.
>
> The state sentencing judge—I don't know
> whether he or she—had the full federal record
> available to him or her when fashioning the sen-
> tence for your state crime, and that judge de-
> cided that the reasonable punishment for the
> state's crime included consecutive sentencing,
> that the sentence that was imposed was not just
> 62 years but also the provision that you not even
> start serving it for 45, 46 years, whatever it was
> then.
>
> It's one thing for a federal court to modify a fed-
> eral sentence in light of changes in federal law.
> That's what I'm doing here today. It would be a
> far different thing for me to restructure your
> state sentence, and I really think that's what I
> would be doing if I ordered these [to] run con-
> currently. And so while assuming that I do have
> the authority to do it, I don't think this would
> be the appropriate case to do it in and will—
> well, I guess I should—I'm not sure I'm sup-
> posed to add anything to the—well, just so the

> Bureau of Prisons knows what I provided, I will order them to run consecutively.

SA61–62. The judge's written explanation, after summarizing the parties' positions, was consistent and even more concise:

> Assuming that the court has the authority to structure a federal sentence as it sees fit, to do as Mr. Mzembe asks would be inappropriate in his case. The sentencing state judge had the full federal record available when fashioning the sentence for Mr. Mzembe's state crime, and decided that a reasonable punishment included consecutive sentencing: 62 years in custody, not to begin until the (then) 44-year federal sentence is completed. It is one thing for a federal court to modify a federal sentence in light of changes in federal law, but it would be a far different thing for a federal court to restructure the state sentence. The court will order the sentences run consecutively.

SA20–21.

## II. *Analysis*

In some cases with defendants who are already subject to another undischarged term of imprisonment, and this is an example, the consecutive v. concurrent question may have greater practical consequences than any other aspect of the sentence. As noted, Mzembe sees three related errors in the court's handling of this issue. First, he argues that the court failed to provide an explanation sufficient to allow meaningful appellate review of this discretionary decision. Second, he argues that the district court erred by relying on a legally

impermissible factor (consistency with the state court's deci-
sion) and failed to explain the decision in terms of § 3553(a),
as required by 18 U.S.C. § 3584(b). Third, he argues that con-
secutive sentences are substantively unreasonable because
the combination of state and federal sentences is a de facto life
sentence.

We review de novo claims of procedural error, such as
Mzembe's first two arguments. *United States v. Marin-Castano*,
688 F.3d 899, 902 (7th Cir. 2012). When considering an argu-
ment that a sentence is substantively unreasonable, we con-
sider whether the district court abused its discretion. *Gall v.
United States*, 552 U.S. 38, 51 (2007). Mzembe's issues are so
closely related that we address them together. We reject, how-
ever, the government's argument that Mzembe waived his
procedural objections by failing to raise them in the district
court. Appellate challenges to the sufficiency of sentencing ex-
planations can be headed off if the sentencing judge asks
counsel specifically if they believe more of an explanation is
needed. The judge did not ask such a specific question here.
A general invitation for objections or asking "anything else?"
at the end of the hearing is not sufficient, however, to show a
waiver of challenges to the sufficiency of an explanation. See
*United States v. Speed*, 811 F.3d 854, 857–58 (7th Cir. 2016), dis-
cussing *United States v. Garcia-Segura*, 717 F.3d 566 (7th Cir.
2013), and *United States v. Donelli*, 747 F.3d 936, 941 (7th Cir.
2014).

The government now agrees that the district court had dis-
cretionary authority to make Mzembe's new federal sentence
either concurrent with or consecutive to the intervening state
sentence. Section 3584(b) of the criminal code provides: "The
court, in determining whether the terms imposed are to be

ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)," which is the general statement of the purposes of factors relevant to federal sentences.

Section 3584(b) thus directs a sentencing court to § 3553(a), which in paragraphs (a)(4) and (a)(5) directs the court to consider the advice of the Sentencing Guidelines. Section 5G1.3 applies to decisions about consecutive and concurrent sentences for a defendant subject to an undischarged term of imprisonment or an anticipated state term of imprisonment. Subsections (a), (b), and (c) of that provision do not apply here, and subsection (d) is a policy statement that allows the district court to impose concurrent, consecutive, or partially concurrent sentences "to achieve a reasonable punishment for the instant offense." Relevant to such a discretionary decision about consecutive or concurrent sentencing for unrelated cases, the Guidelines offer the following in an application note for U.S.S.G. § 5G1.3(d):

> (A) In General.—Under subsection (d), the court may impose a sentence concurrently, partially concurrently, or consecutively to the undischarged term of imprisonment. In order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, the court should consider the following:
>
> (i) the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

(ii) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(iii) the time served on the undischarged sentence and the time likely to be served before release;

(iv) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(v) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 cmt. n. 4(A). The note thus refers specifically to whether the other sentence was imposed by a state or federal court, though without explaining the significance of the factor. The note also includes the open-ended invitation to consider any other relevant circumstances.

A district court must "explain its sentence by reference to the sentencing criteria set out in 18 U.S.C. § 3553(a)" and is best advised to limit its discussion of "extraneous" details lest we conclude the sentence was based on "irrelevant considerations." See *United States v. Robinson*, 829 F.3d 878, 880 (7th Cir. 2016) (quotation marks and citations omitted). Mzembe points out that the district court did not provide any separate explanation of the § 3553(a) factors in deciding to keep the sentences consecutive. He cites *United States v. Jackson*, 546 F.3d 465 (7th Cir. 2008), in which we vacated a federal sentence where the court had not sufficiently explained its decision to make the sentence consecutive to a state sentence for

some of the same conduct. The court had explained why the sentence was in the middle of the guideline range but had offered only a "brief, cryptic response" to the defendant's argument for concurrent sentences. *Id.* at 472. We found that was not sufficient and remanded for further consideration.

Mzembe also cites *United States v. Patrick*, 707 F.3d 815 (7th Cir. 2013), where the government and defense had argued for a federal sentence to run concurrently with a related state sentence, particularly because the defendant had offered substantial cooperation to both state and federal prosecutors. Despite those recommendations, the district court imposed a consecutive sentence that amounted to a de facto life sentence. We concluded that the district court's terse explanation did not show that the court had appreciated and considered the relevant factors, including the defendant's cooperation. *Id.* at 819–20.

From *Jackson* and *Patrick* and § 3584(b), Mzembe argues that when a district court exercises its discretion in choosing between concurrent and consecutive sentences, the judge must explain that specific decision, not just the overall sentence, in terms of the § 3553(a) factors, and with much more of an explanation than the judge provided here.

We need not decide here whether the reasoning of *Jackson* and *Patrick* would render the explanation here insufficient or even substantively off-target if it had been the explanation given in an original sentencing hearing. In this case of resentencing, after an intervening and consecutive state-court sentence, we see no reversible error in the extent or the content of the explanation. We rely here on the unusual circumstances presented by the sequence of Mzembe's original and long federal sentence, the later and even longer state sentence that the

state judge chose to impose consecutively for completely independent crimes, and our appellate remand for resentencing on the remaining federal charges.

By the time of the resentencing, Judge Miller knew this case and the sentencing issues thoroughly. He had carefully considered the many aggravating and mitigating circumstances both in the original sentencing and with new information for the resentencing. He had carefully explained his thinking in both sentencing decisions in terms of the applicable Sentencing Guidelines and § 3553(a).

To be sure, in resentencing Mzembe on the federal charges, the judge explained that he was focusing first only on those crimes and not on the question of consecutive v. concurrent for the intervening state sentence. And the district court's analysis of one of the § 3553(a) factors ("the need for the sentence imposed to protect the public from future crimes of the defendant," § 3553(a)(2)(c)) did not acknowledge that the state sentence would incapacitate Mzembe for decades in all events. When the judge turned to the consecutive v. concurrent question, he did not go through a fresh analysis of the § 3553(a) factors.

Viewed in isolation, these stray statements and omissions could suggest that the district judge was unaware of the § 3553(a) factors' relevance to the consecutive determination. But he introduced argument by counsel on the § 3553(a) factors by noting that the statutory factors were "hard to separate" from the other sentencing issues "given the request for concurrent sentencing." In imposing the consecutive sentence, moreover, the judge could not have forgotten what he had said just minutes before. His explanation for keeping the sentences consecutive focused on two additional facts:  the

state sentence had been imposed after the original federal sentence, and the state-court judge had known of both the federal crimes and sentence when he decided to impose a heavy, consecutive sentence for the unrelated but similarly violent and terrifying crimes prosecuted in state court. Those facts convinced the district judge not to impose concurrent sentences so as to "restructure," which in context would have meant to reverse, the state court's decision about how to marginally punish Mzembe for the serious and violent state crimes.

Mzembe argues that "deference to the state court" is not a factor under § 3584 and that the district court's consideration of that factor amounted to a legal error. We disagree. The district court was not required to treat the state court's independent, intervening decision as legally irrelevant to the federal resentencing. As noted, § 3584(b) directs the court to § 3553(a), which directs the court to, among other factors, the Sentencing Guidelines, which in turn call for consideration of the non-federal nature of the intervening sentence and "any other circumstance relevant" in note 4 to U.S.S.G. § 5G1.3.

We find no legal error in the district court's recognizing that another judge who knew about both the state and federal crimes had exercised his judgment and had ordered that the two sentences run consecutively, and deciding that the other judge's decision deserved at least some deference. The district court had the authority and discretion to reach a different result. It was not compelled to do so, however, and could choose to respect and leave essentially intact the decision of the state court. That result was not unreasonable, given the nature and circumstances of both sets of violent crimes and the history and characteristics of the offender, who qualified for criminal

history categories V and VI at the times of his original and second federal sentences, respectively.[1]

In arguing that his new federal sentence is substantively unreasonable, Mzembe emphasizes that the combined state and federal sentences clearly amount to a de facto sentence of life in prison. See *United States v. Wurzinger*, 467 F.3d 649, 652 (7th Cir. 2006) (noting "worthy tradition that death in prison is not to be ordered lightly, and the probability that a convict will not live out his sentence should certainly give pause to a sentencing court," but affirming within-guideline sentence longer than defendant's life expectancy).

We recognize that making these sentences consecutive amounts to a de facto life sentence, as did Judge Miller and surely the state court judge as well.[2] That fact does not persuade us that the new and consecutive federal sentence was substantively unreasonable. Mzembe presented some new evidence in mitigation, which the district court heard and considered. At the same time, the serious and violent

---

[1] Mzembe also cites *United States v. Lacy*, 813 F.3d 654 (7th Cir. 2016), where the federal prosecutor had recommended that the federal sentence run consecutively to any sentence in a then-pending state prosecution "as a courtesy" to the state prosecutor. We said in dicta that extending such a "courtesy" to a state prosecutor would not be proper sentencing consideration. *Id*. at 658. We agree with that point but do not find comparable the district court's recognition in this case that another judge had already looked at Mzembe's full criminal history and had concluded that consecutive sentences were appropriate for the unrelated crimes, even where they would amount to a de facto life sentence.

[2] The state sentence alone might also be deemed a de facto life sentence, depending on when in 2014 Mzembe committed the home-invasion offenses. See Ind. Code § 35-50-6-3.1 (chapter on good-time credits amended as applied to crimes committed after June 30, 2014).

character of Mzembe's federal crimes called for a life sentence under the federal Sentencing Guidelines, without taking into account his state crimes and sentence. We also recognize, as Judge Miller did, that the concurrent sentences that Mzembe sought would have reduced his federal sentence in effect to zero. There would have been no marginal punishment for the serious federal crimes, as opposed to the sentence the district judge thought was appropriate in the first place. The choice was not binary and all-or-nothing—sentences may also be partially concurrent and partially consecutive—but where the crimes were so serious, so violent, and completely unrelated, it was not unreasonable for the judge to reject that proposed sentence.

Especially when the independent, violent, and brutal home invasion is added into the mix, we do not find the resulting de facto life sentence was an abuse of the district court's discretion. Sentencing convicted offenders is generally recognized as the most difficult part of the job of a United States District Judge. Judge Miller is a veteran judge who is thoroughly familiar with those difficulties. At every stage of this case, he exercised his judgment carefully and thoughtfully. We find no reversible error.

The judgment of the district court is AFFIRMED.