NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2022[*]
Decided September 8, 2022

*Before*

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-2807

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 21-CR-10006-001 |
| DeANGELO D. FOSTER, *Defendant-Appellant*. | James E. Shadid, *Judge*. |

**O R D E R**

The district judge sentenced DeAngelo Foster to 84 months' imprisonment for unlawfully possessing a firearm and ordered the federal sentence to run consecutive to anticipated state sentences for multiple unrelated charges. Foster argues that the judge did not adequately explain the partially consecutive sentence, but the explanation for the length of the sentence also justified its consecutive nature, and so we affirm.

---

[*] We granted the parties' joint motion to waive oral argument, and the appeal is therefore submitted on the briefs and the record. FED. R. APP. P. 34(a)(2)(C), (f).

In February 2021, Foster—who was on probation and had two previous felony convictions and multiple pending state charges—drove a stolen car in a hazardous manner, crashed it, and fled from police officers before arrest. The arresting officers found a loaded, stolen firearm in Foster's possession when they caught him. For this conduct, Foster incurred more state charges (including reckless driving), and he pleaded guilty in federal court to one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g).

After Foster's conviction, neither side filed sentencing memoranda or objections to the presentence investigation report, which, as relevant here, suggested concurrent sentences for related cases in Peoria County and noted that the judge had discretion to run the federal sentence concurrently or consecutively with the other anticipated state sentences. At the sentencing hearing, the parties agreed that the applicable range of imprisonment under the Sentencing Guidelines was 63 to 78 months.

Foster presented several arguments for a shorter sentence. He discussed his young age (24 at the time of the incident), lack of education, difficult upbringing, and mental-health struggles. He further argued that his criminal-history score of VI was overstated because several prior offenses were nonviolent and traffic-related. Foster's lawyer asked for a sentence of time served, emphasizing that "the amount of time that this Court sentences him to in light of 13 other pending cases ranging in seriousness is not likely to have any positive impact upon him … [o]r on society." The judge responded that he would not consider the pending state charges because he could not assume that sentences would be imposed in those cases. Foster then agreed that the pending cases should not be used as "aggravation" and revised his suggested sentence to "the low end of the Guidelines … to run concurrently with his yet-undisposed cases." Foster provided no additional arguments for a concurrent sentence, highlighting instead his need for mental-health, educational, and vocational programs in prison.

The judge proceeded to weigh the factors under 18 U.S.C. § 3553(a). Starting with Foster's history and characteristics, the judge acknowledged that traffic violations represented much of Foster's criminal history, but further observed that "none of the penalties that were imposed on those cases were sufficient to deter continued criminal conduct." As for the current federal offense, the judge identified several aggravating factors: (1) Foster's dangerous driving of a stolen vehicle; (2) the stolen handgun; and (3) the fact that the gun had been used in a burglary and a shooting before it came into Foster's possession. Given those factors, and the government's arguments for a longer sentence up to the statutory maximum of 120 months, the judge rejected Foster's

argument that a longer sentence would not have a positive impact on him or on society. Instead, he decided that a slight upward variance from the Guidelines was warranted and selected a sentence of 84 months' imprisonment and 3 years' supervised release. He explained that this sentence would be sufficient but not greater than necessary to further the purposes of federal sentencing.

Immediately after, the judge ran through the pending state cases and said that Foster would serve his federal sentence consecutively with state sentences for unrelated offenses but concurrent to any future state sentence for the same conduct. Finally, as Foster requested, the judge recommended a facility that would allow him to participate in mental-health, substance-abuse, vocational, and educational programs.

On appeal, Foster argues that the judge erred by not explaining the partially consecutive sentence. District judges have discretion to decide whether a federal sentence should run consecutively or concurrently with an anticipated state sentence. *Setser v. United States*, 566 U.S. 231, 244 (2012) (discussing 18 U.S.C. § 3584(a)). In making this decision, they must consider factors in 18 U.S.C. § 3553(a), respond to the defendant's principal mitigation arguments, and explain the choice enough to enable meaningful appellate review. See 18 U.S.C. § 3584(b); *United States v. Nania*, 724 F.3d 824, 838 (7th Cir. 2013). We apply de novo review to assertions of procedural errors, such as omitting these steps. *United States v. Sandidge*, 784 F.3d 1055, 1065 (7th Cir. 2015).

The record shows no procedural error because the judge's analysis of Foster's mitigation arguments and the statutory sentencing factors applied to the sentence's length as well as its partially consecutive nature. Judges are not required to provide a "second full explanation" of the § 3553(a) factors to justify a consecutive sentence. *United States v. Sanchez*, 814 F.3d 844, 849 (7th Cir. 2016). Rather, the explanations for the length of the sentence can carry over to the consecutive-versus-concurrent question if the judge so intends. See *Sandidge*, 784 F.3d at 1066. Here, the judge rejected Foster's argument that a longer sentence would have no positive impact when he imposed an above-guidelines sentence. No separate explanation was needed for simultaneously rejecting the passing request for a concurrent sentence, which also would have reduced Foster's overall time in prison. See *id.* The timing further shows that the judge's explanation applied broadly; he said the term of imprisonment would run consecutively just after announcing its overall length. See *id.* (announcing length and consecutive run in same sentence).

Finally, Foster argues that *United States v. Jackson*, 546 F.3d 465 (7th Cir. 2008), requires remand when a judge does not expressly justify a consecutive sentence. But the

court in *Jackson* remanded because the judge did not address a principal mitigation argument in favor of a concurrent sentence. See *id*. at 470–72. In contrast, Foster provided no arguments for a concurrent sentence beyond those he raised in support of a shorter sentence generally. See *Sandidge*, 784 F.3d at 1066. Indeed, the suggestion of fully concurrent sentences was conclusory enough not to warrant much response; there were no written arguments and only counsel's single request for concurrent sentences. See *United States v. Kappes*, 782 F.3d 828, 846–47 (7th Cir. 2015) (a single, passing request for a shorter term of supervised release is not a principal argument requiring discussion by the sentencing judge). Although we do not suggest that Foster waived the argument, the judge reasonably focused on the overall length of the sentence, just as Foster did.

AFFIRMED